IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CIVIL ACTION NO. 1:13-CV-24324 (WILLIAMS)

ERIC JOHNSON,                                        :

        Plaintiff,                                :

v.                                                   :

REALPAGE, INC.,                                      :

        Defendant.                                :

---

**DEFENDANT REALPAGE, INC.'S RESPONSE TO PLAINTIFF'S OPPOSITION TO REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

---

Defendant RealPage, Inc. ("RealPage") respectfully submits this Response to Plaintiff's Opposition to Defendant's Removal to the United States District Court for the Southern District of Florida. This Court has original jurisdiction under 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs, and is between citizens of different states. Plaintiff speaks with uncertainty as to whether his claims seek damages in excess of $75,000. He takes this position even though Plaintiff authorized his former attorney to demand $4,000,000 to settle his claims and pleads that he seeks damages in excess of $15,000. Even while Plaintiff takes this position with the Court on jurisdiction, Plaintiff is reaching out directly to RealPage's insurer to demand $250,000 to settle this case. It is disingenuous for Plaintiff to tell this Court he does not believe his claim is valued at $75,000 to avoid the jurisdiction of this Court while pursuing relief in excess of that amount. Indeed, RealPage asked Plaintiff to stipulate whether his alleged

damages exceed the amount in controversy requirement of $75,000.  Rather than addressing this request in his Declaration, Plaintiff focuses on whether he received the request.  Regardless, the question is before him now.  If Plaintiff wants to avoid the jurisdiction of this Court, he should stipulate that he does not intend to pursue claims in excess of $75,000.  If not, then this Court should proceed as RealPage demonstrated that Removal to this Court was appropriate based on Plaintiff's intent to pursue damages in excess of $75,000.  For the reasons that follow, this matter is properly before this Court.

## BACKGROUND

Plaintiff Eric Johnson sued RealPage, alleging that it published a criminal background report containing false information about him.  See Pl.'s Compl. ¶ 6 (Doc. 1-1).  Because of this false information, Plaintiff claims that he was unable to lease an apartment.  Id. ¶ 15.[1]  Plaintiff filed a single-count Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging a claim for defamatory libel per se and damages in excess of $15,000.  Id. ¶ 2.  Before filing the Complaint, Plaintiff's former counsel raised the same facts and claims now asserted in the Complaint, demanding $4,000,000 to settle those claims.  After attempting to clarify whether Plaintiff was pursuing relief in excess of $75,000 and based on his former attorney's statements, RealPage removed Plaintiff's Complaint to this Court under the belief that Plaintiff's demand for relief met the jurisdictional requirements.  See Def.'s Notice of Removal, pp. 1-5, 17 (Doc. 1).

## ARGUMENT

---

[1] Plaintiff's Complaint fails to state this application was also denied because of bad credit and a history of evictions.  For example, Plaintiff had ten open collection accounts with a negative rating and another fourteen closed collection accounts with a negative rating.  Some of the accounts concerned rental/leasing past due balances.  See Doc. 9-1.

The issue before this Court is whether Plaintiff's alleged damages meet the amount in controversy requirement for federal diversity jurisdiction.  Throughout his pleadings, Plaintiff equivocates as to the amount of his damages, wanting to avoid the jurisdiction of this Court while preserving his ability to recover an award in excess of $75,000.  Plaintiff's tactics misunderstand the level of candor required when communicating with the Court, attempting to draw fine lines where none exist.  See R. Regulating Florida Bar 4-3.3 (A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer).

For example, in his Declaration, Plaintiff states that he has not had an attorney in "the Action" to insinuate that there is no connection to his prior attorney's demand for $4,000,000.  Pl.'s Decl., ¶ 5 (Doc. 8).  Plaintiff's statements are disingenuous at best.  On several occasions, Carlos O. Fernandez, Esq. contacted RealPage on Plaintiff's behalf.  See e.g., Ex. A and Ex. B.  Plaintiff's former counsel's contact with RealPage concerned the same claims comprising Plaintiff's Complaint.  See Ex. A and Ex. B.  The initial letter introduced himself as "counsel for Mr. Eric Johnson" regarding the issues currently being litigated and the second was a settlement demand for $4,000,000.  Ex. B, p. 1.  Plaintiff has acknowledged that the claims raised by Mr. Fernandez and ultimately alleged in Plaintiff's Complaint are related by stating his desire to "continue and hopefully conclude settlement negotiations" started by Mr. Fernandez.  See Transcript of Voicemail, Attached as Ex. C.  Plaintiff's attempt to delineate the moment he filed his claim in Circuit Court as an action separate from the discussions he and his attorney were having with RealPage over the exact same issues is startling.

Likewise, Plaintiff states that he never received Ron Raether's November 24, 2013 email attempting to confirm the amount in controversy.[2]  Doc. 8, ¶ 14-15.  The email address used to communicate the November 24, 2013 message was the same account used to successfully communicate with Plaintiff on November 20, 21 and 22, 2013.  Further, this email address was the method of communication first used by Plaintiff to establish contact with counsel for RealPage.

Regardless, whether Plaintiff received the email is immaterial at this point.  The issue can easily be resolved if Plaintiff will simply clarify whether his damages exceed the $75,000 threshold for diversity jurisdiction.  Plaintiff refused to do so in his Declaration. Instead, Plaintiff continues to vacillate as to the amount of damages his claim is worth.  In his initial communication (through his counsel at the time), Plaintiff sought a settlement of $4,000,000.  Ex. B, p. 1 and Doc. 1-2, p. 3.[3]  Plaintiff alleged that his damages would continue to accrue due to RealPage's alleged acts and omissions.[4]   Ex. B, p. 1.  In Plaintiff's Complaint before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Plaintiff asserts his damages exceed $15,000.  Doc. 1-1, ¶ 2.  Now, upon learning that RealPage sought removal to this Court, Plaintiff notes in his Declaration that he "cannot currently prove damages of Seventy-Five Thousand Dollars ($75,000.00)."  Doc. 8, ¶ 10.  Notably, Plaintiff does

[2] Plaintiff alleges that as of December 3, 2013, he had not been served with the Notice of Removal or any of its supporting documents.  Since he admits in his Declaration that he obtained the Notice of Removal from the Circuit Court's website, the issue is moot.  RealPage mailed copies of all removal notices on December 2, 2013.
[3] The facts and claims at issue during the negotiations prior to Plaintiff filing suit *in pro per* are nearly identical to the claims made in the Complaint.  Mr. Fernandez's first letter to RealPage, dated October 7, 2013, begins "I am counsel for [Plaintiff] regarding the erroneous and defamatory information which falsely represents that Mr. Johnson had a criminal record and is listed as a Registered Sex Offender." Ex. A, p.1.  Plaintiff's Complaint, filed *in pro per*, notes "the Report contained false and defamatory statements imputing criminal conduct . . . [stating] that (a) Plaintiff has an 'unsatisfactory criminal history', (b) Plaintiff is a Registered Sex Offender . . . ." Doc. 1-1, ¶ 10.
[4] Plaintiff's claim for ongoing or continuing damages is doubtful.  RealPage rapidly and accurately responded to Plaintiff's dispute and provided a corrected report to the apartment community where Plaintiff was attempting to lease an apartment.  Plaintiff's allegations that the information was shared beyond the apartment community where he applied is without support and lack merit.

not say with clarity what his claimed damages are, simply that "there is no evidence that the matter in controversy exceeds any amount but Fifteen Thousand Dollars ($15,000.00)" and that he "cannot currently prove damages of Seventy-Five Thousand Dollars ($75,000.00)." Id., ¶¶ 10 and 24.

Interestingly, while making these statements to this Court in his Declaration, Plaintiff contacted RealPage's insurer directly and made a settlement demand of $250,000. Roberts Decl., ¶ 2, Attached as Ex. D. Plaintiff believes that he is permitted to create a loophole allowing him to avoid the jurisdiction of this Court and still pursue damages in excess of $75,000. Such conduct should not be condoned. Plaintiff simply needs to stipulate as to whether he intends to seek damages in excess of $75,000.

A district court within the Eleventh Circuit has found it appropriate for plaintiff to stipulate – even if submitted post-removal – that the damages being sought fall below the jurisdictional minimum required. Moss v. Voyager Ins. Cos., 43 F. Supp. 2d 1298, 1301-1303 (M.D. Ala. 1999) (distinguishing the differences between the prohibited post-removal stipulations in the Fifth, Sixth and Seventh Circuit Courts of Appeals and the plaintiff's binding stipulation before the court). An appropriate stipulation as to his damages post-removal requires plaintiff to state that the amount in controversy does not exceed the federal jurisdictional minimum (i.e., $75,000), and that he will neither seek, nor accept, more than the federal jurisdictional minimum if he is so awarded by a jury. Id. at 1302-1303.

Plaintiff has met, if ambiguously, the first of this two part requirement by stating that he cannot currently prove a claim which exceeds the federal jurisdictional minimum. However, he has not demonstrated a willingness to be bound by the second requirement.

Plaintiff should unambiguously clarify for this Court that 1) his claim does not exceed the federal jurisdictional minimum and 2) that he will not seek or accept more than the federal jurisdictional minimum.

Even if Plaintiff is unwilling to stop playing both sides of this issue by agreeing that he will not seek or accept more than $75,000, RealPage has met the jurisdictional requirements for Removal to this Court. In the Eleventh Circuit, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant can prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$ 75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) (abrogated in part on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)).

Plaintiff not only originally sought to settle this claim through his original counsel for $4,000,000, but also has, more recently, sought another settlement offer with RealPage's insurer for $250,000. See Ex. B, p. 1 and Ex. D, ¶ 2. While a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient," relying on both Plaintiff's initial and subsequent settlement demands go well beyond a conclusory allegation. Williams v. Best Buy Co., 269 F.3d 1316, 1319-1320 (11th Cir. 2001).

Moreover, this Circuit does not require that a district court "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) (citations omitted). It is reasonable to conclude that Plaintiff's settlement demands, with and

6

without an attorney, and his failure to respond to RealPage's inquiries into the value of his claims, established the amount in controversy requirement for this Court to decide this case.

## CONCLUSION

Plaintiff should speak plainly as to whether he intends to seek damages in excess of $75,000. Plaintiff has refused to do so. Plaintiff should stipulate whether his claim for damages exceeds $75,000. Absent a stipulation, Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum by showing that Plaintiff's own actions, with and without counsel, demonstrate the value of the claim he truly intends to pursue. The jurisdictional limits have been met and this matter should be resolved in this Court.

Respectfully submitted,

By: /s/ Manuel A. Garcia-Linares
Manuel A. Garcia-Linares
Florida Bar No. 985252
RICHMAN GREER, P.A.
396 Alhambra Circle
North Tower – 14th Floor
Miami, Florida 33134
Telephone: (305) 373-4021
Telecopier: (305) 373-4099
Email: mlinares@richmangreer.com

Ronald I. Raether, Jr. (*pro hac vice pending*)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Telephone: (937) 227-3733
Telecopier: (937) 227-3717
Email: rraether@ficlaw.com

Attorneys for Defendant
RealPage, Inc.

## CERTIFICATE OF SERVICE

I certify that on the 9th day of December, 2013, I electronically filed the foregoing Defendant RealPage, Inc.'s Response to Plaintiff's Opposition to Removal to the United States District Court for the Southern District of Florida with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I hereby certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

    Eric Johnson
    In Pro Per
    1228 SW 3rd Avenue, #505
    Miami, FL  33130
    Telephone:  (480) 438-4888
    Email:  edj1983@yahoo.com

    Plaintiff

By: /s/ Manuel A. Garcia-Linares

787960.1