UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-CV-24324-WILLIAMS

ERIC JOHNSON,

    Plaintiff,

vs.

REALPAGE, INC.,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

THIS MATTER is before the Court on *pro se* Plaintiff's Motion to Remand this action to state court [D.E. 15]. For the reasons stated below, Plaintiff's Motion is GRANTED and the case is hereby REMANDED to state court.

### I.    Background

Plaintiff, a citizen of Florida, originally filed this defamation action against Defendant, a Texas corporation, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on November 12, 2013 [D.E. 1-1]. In his Complaint, Plaintiff alleges that Defendant erroneously identified Plaintiff as a registered sex offender in a background screening report Defendant supplied to the managers of an apartment complex where Plaintiff had applied for an apartment. *Id.* Plaintiff's Complaint seeks damages in excess of $15,000. *Id.* On November 27, 2013, Defendant removed the case from state court to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 [D.E. 1]. In its notice of removal, Defendant argues that the true amount in controversy in this matter exceeds $75,000, thus meeting the criteria for this

1

court's diversity jurisdiction under 28 U.S.C. § 1332(a). As proof that Plaintiff's claim meets the amount-in-controversy requirement, Defendant points to a settlement demand of $4 million made by Plaintiff's former counsel and Plaintiff's failure to respond to defense counsel's queries about the amount Plaintiff seeks. *Id.* In addition, Defendant alleges that Plaintiff has made an additional $250,000 settlement demand to Defendant's insurance carrier [D.E. 10 at 5]. In his Motion to Remand [D.E. 15] and in a previously filed Memorandum in Opposition to Removal [D.E. 7], Plaintiff argues that Defendant has failed to meet its burden in showing that the amount in controversy exceeds $75,000. Plaintiff also has filed a declaration in which he states his willingness to settle the matter for $74,500, below the Court's jurisdictional threshold [D.E. 13 at 3].

## II.     Discussion

District courts have original jurisdiction over diversity cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). When a case is removed to federal court from state court, the removing party bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where, as here, a Plaintiff has not pleaded a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Id.* (citing *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)). A defendant seeking removal may submit affidavits, declarations or other evidence to meet its burden of showing a jurisdictional basis for removal. *See Pretka v. Kolter City*

*Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).  The Court may consider evidence submitted subsequent to the removal petition, as long as the evidence pertains to the time of removal.  *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  Settlement offers or demand letters qualify as relevant papers the court may consider in deciding whether removal is justified.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007).  Where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.  *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant bases its argument for removal primarily on a settlement demand of $4 million made on October 9, 2013 – before this suit was filed – by Plaintiff's former counsel, Carlos O. Fernandez [D.E. 10-2].  Defendant argues that this demand conclusively establishes that Plaintiff seeks more than $75,000 in this action, bringing the case within the Court's diversity jurisdiction [D.E. 1 ¶¶ 4-5].

As noted above, a court should give some consideration to a Plaintiff's settlement demand when determining whether a case should be remanded.  *See Burns*, 31 F.3d at 1097 (while a "settlement offer, by itself, may not be determinative, it counts for something").  The more important question is how much weight a settlement demand deserves.  A settlement offer that contains little more than "puffing and posturing" should be afforded little weight, whereas a settlement offer containing specific information supporting Plaintiff's demand for damages, suggesting that the plaintiff is "offering a reasonable assessment of the value of [his] claim," is entitled to greater weight.  *Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1281 (S.D. Ala.

3

2009)(citing *Golden Apple Mgmt. Co. v. GEAC Computers, Inc.*, 990 F.Supp. 1364, 1368 (M.D. Ala. 1998)).

After reviewing the October 9, 2013, letter from Plaintiff's former counsel to Defendant, the Court finds that the $4 million settlement demand does not represent a "reasonable assessment" of the value of the claim as pleaded in the Complaint. As an initial matter, the Court notes that the demand letter sought to settle not only Plaintiff's defamation claim, but also potential claims under the Fair Credit Reporting Act [D.E. 10-2 at 2]. The Complaint Plaintiff ultimately filed, however, contains only a single defamation claim [D.E. 1-1]. Therefore, the scope of Defendant's potential liability from the Complaint is clearly narrower than it would have been had Plaintiff filed the more ambitious lawsuit described in the demand letter.

While a sizeable portion of the demand letter is devoted to Plaintiff's potential defamation damages, few of the damages described in the letter rise above a speculative level, and the bases for many of these theories of recovery never made it into the Complaint that was ultimately filed. For example, Plaintiff's former counsel sought damages for Plaintiff's "lost business opportunities," a claim based mainly on Plaintiff's "concerns" that the false information provided by Defendant would somehow be communicated to government agencies, harming Plaintiff's ability to seek government contracts through his business [D.E. 10-2 at 6-7]. However, nowhere does the letter allege that the false information was in fact communicated to the government. *Id.* at 7 ("*Should* the information contained in the false report created by RealPage end up in a government database …it *would cause* irreparable harm to my client's government contracting business, with potential damages far in excess of $10

million")(emphasis added).  More importantly for purposes of this analysis, the Complaint before the Court does not contain any claim for damages from lost business opportunities [D.E. 1-1].  Similarly, Plaintiff's former counsel claimed that he will suffer damages of $20,000 a year for 16 years as the estimated cost to "prevent continued promulgation of these false criminal history reports," but the letter contains no factual basis for this eye-popping expense [D.E. 10-2 at 7].  Considering that Plaintiff does not yet know the extent of the publication of the allegedly defamatory material – and that Defendant's primary audience is limited to "landlords, owners and property managers in the multi-family residential industry" [D.E. 1-1 ¶ 7] – the Court finds it difficult to give much credence to these prospective damages as a "reasonable assessment" of the claim's worth, particularly when viewed against the backdrop of a $4 million settlement demand.  And while both the demand letter and the subsequent Complaint contain damages claims based on Plaintiff's temporary housing costs, storage costs and medical expenses, neither Plaintiff nor his former counsel attached any precise amount to these damages, thus providing insufficient specificity to form the basis of a finding that the damages exceed the jurisdictional threshold of $75,000.

In sum, the Court finds that the October 9, 2013, demand letter from Plaintiff's former counsel amounts to no more than "puffing and posturing."  It is clear that the $4 million figure demanded by Plaintiff's former counsel was not based on a "reasonable assessment" of Plaintiff's damages, but was instead an attempt to piggy-back on other large claims facing Defendant.  In the letter, Plaintiff's former counsel asserted that he was planning to file a Complaint that "closely tracks many of the causes of action in *Minor v. RealPage*," a five-count class-action suit in California that Defendant disclosed

publicly in a documents filed with the Securities and Exchange Commission in 2011 [D.E. 10-2 at 2, 5]. The one-count *pro se* Complaint now before the Court bears little resemblance to the ambitious $4 million litigation threatened by Plaintiff's former counsel in the demand letter. For these reasons, the Court finds that the demand letter fails to prove that the amount in controversy in this action exceeds $75,000.

In its Motion, Defendant also emphasizes Plaintiff's refusal to stipulate that his damages do not exceed $75,000 [D.E. 10 at 5]. However, Plaintiff's failure to stipulate that the amount in controversy is less than $75,000 is not sufficient evidence that the amount in controversy exceeds $75,000. *See, e.g., Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1365 (M.D. Fla. 1998); *Columbus, Georgia v. Orbitz, Inc.*, No.4:06-cv-81(HL), 2007 WL 1545086, at *2 (M.D. Ga. May 24, 2007); *Head v. Wal-Mart Stores, Inc.*, No.7:13-CV-82(HL), 2007 WL 4763736, at *3 (M.D. Ga. Sept. 4, 2013); *Williams*, 269 F.3d at 1320 ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [a defendant's] burden of proof on the jurisdictional issue"). Defendant has also submitted an affidavit from Donna Roberts, a claims analyst with Defendant's insurance carrier, who declares that Plaintiff made a $250,000 settlement demand in a phone call to her on December 3, 2013 [10-4]. However, there is nothing of record indicating that this offer reflects Plaintiff's estimation of the value of his claim at the time of removal. *See Sierminski*, 216 F.3d at 949 (holding that jurisdictional facts contained in post-removal affidavits "must be judged at the time of removal"). Moreover, the simple money demand, without any specific information supporting it, cannot be accepted as anything more than further "puffing and posturing." *Jackson*, 651 F.Supp.2d at 1280.

In sum, the Court concludes that, at this early stage in the litigation, uncertainty over the amount in controversy favors remand. See Burns, 31 F.3d at 1095. Therefore, the Court finds that Defendant has failed to prove by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional requirement of $75,000. For these reasons, Plaintiff's Motion for Remand [D.E. 15] is GRANTED, and this case is hereby REMANDED to Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. However, Defendant may again seek removal if further discovery reveals more conclusive evidence that the amount in controversy in this matter exceeds $75,000.

DONE AND ORDERED in Chambers in Miami, Florida, this 14th day of January, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

Eric Johnson, pro se
1101 Brickell Ave. #310639
Miami, FL 33231